JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00397-JLS-SSC                                          Date: April 24, 2026
Title:  Tigran Hambardzumyan v. Maximus Education LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

          Kelly Davis                                                               N/A
          Deputy Clerk                                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

          Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  (1) ORDER GRANTING MOTION TO REMAND (Doc. 11) AND (2) REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT SMALL CLAIMS DIVISION**

     Before the Court is a Motion to Remand filed by Plaintiff Tigran Hambardzumyan.  (Mot., Doc. 11.)  Defendant Maximus Education LLC opposed. (Opp., Doc. 16.)  Having taken this matter under submission, and for the following reasons, the Court GRANTS Plaintiff's Motion.

**I.     BACKGROUND**

     On November 18, 2025, Plaintiff filed a complaint against Defendant in the Small Claims Division of Los Angeles County Superior Court.  (Ex. 1 to NOR, Compl., Doc. 1-1.)  The complaint seeks $12,500 and alleges as follows:

> Defendant misreported my account, took $322.75 based on a false promise to fix it, later admitted an overcharge, and caused credit and financial harm. . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00397-JLS-SSC                                   Date: April 24, 2026
Title:  Tigran Hambardzumyan v. Maximus Education LLC

> Defendant falsely reported Plaintiff's student-loan account as
> late while it was in disaster forbearance.  Defendant then
> promised to correct the negative credit reporting if Plaintiff
> paid $322.75.  Plaintiff relied on this promise and paid the
> amount in full.  Later correspondence shows Defendant
> admitted Plaintiff had been overcharged, yet no refund or
> correction was made, causing extended credit harm.
>
> Defendant's conduct constitutes willful and bad-faith behavior,
> justifying exemplary damages.  Plaintiff incurred financial
> loss, credit-repair costs, attorney consultation expenses, and
> emotional distress.

(*Id.* at 5, 10.)  As an exhibit to the complaint, Plaintiff attaches six letters he had sent to Defendant prior to filing the complaint.  (*Id.* at 12–24.)  In the letters, Plaintiff requested that Defendant take action to remedy the harms stemming from its alleged misconduct, and stated that "[f]ailure to comply will leave me no choice but to . . . consider legal remedies[.]"  (*Id.* at 14.)  Plaintiff also attaches exhibits showing letters Defendant sent to him.  (Ex. 2 to NOR, Additional Exhibits to Compl., Doc. 1-2.)

On January 14, 2026, Defendant removed this action to federal court, asserting that "Plaintiff asserts claims under the Fair Credit Reporting Act ('FCRA')" and invoking this Court's federal question jurisdiction.  (NOR ¶ 4, Doc. 1.)  Plaintiff now moves to remand.  (Mot.)

## II.    LEGAL STANDARD

Defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. §§ 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  When reviewing a notice of removal, "[i]t is to be presumed that a cause lies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00397-JLS-SSC                                Date: April 24, 2026
Title:  Tigran Hambardzumyan v. Maximus Education LLC

outside the limited jurisdiction of the federal courts and the burden of establishing the
contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582
F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d
676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the
removal statute against removal jurisdiction," and "the defendant always has the burden
of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
1992).

"The presence or absence of federal-question jurisdiction is governed by the 'well-
pleaded complaint rule,' which provides that federal jurisdiction exists only when a
federal question is presented on the face of the plaintiff's properly pleaded complaint."
*Caterpillar*, 482 U.S. at 392.  Federal question jurisdiction therefore "must be determined
from what necessarily appears in the plaintiff's statement of his own claim in the bill or
declaration."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S.
California*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76
(1914)).

### III.   ANALYSIS

There is no federal question presented on the face of the complaint.  Plaintiff
alleges that Defendant engaged in false reporting and made false promises; his allegations
do not mention FCRA nor any other federal law.  (*See* Compl. at 5, 10.)  Such allegations
therefore do not raise a federal question.  *See Ankilewitz v. Nelnet Servicing, LLC*, 2025
WL 3514538, at *2 (C.D. Cal. Dec. 8, 2025) ("Here, Plaintiff's Complaint makes no
reference to the FCRA.  The scant allegations in the Complaint can also be construed to
raise any number of state-based causes of action[.]").

Defendant concedes that Plaintiff does not identify any federal statute underlying
his allegations, but relies heavily on the complaint's exhibits to argue that federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00397-JLS-SSC                                  Date: April 24, 2026
Title:  Tigran Hambardzumyan v. Maximus Education LLC

question jurisdiction nevertheless exists.  (Opp. at 7.)  The exhibits contain various letters sent by Plaintiff to Defendant and letters sent by Defendant to Plaintiff.  Defendant specifically points to Plaintiff's statements within his letters, such as Plaintiff's statement that if Defendant did not pay Plaintiff, Plaintiff planned to seek "remedies available under the Fair Credit Reporting Act . . . the California Consumer Credit Reporting Agencies Act . . . and applicable state contract and negligence laws."  (*Id.* at 9; Compl. at 24.)  Defendant argues that such statements show that Plaintiff brings a claim under FCRA.

To be sure, Plaintiff's exhibits to the complaint do show that Plaintiff had previously apprised Defendant of its obligations under FRCA.  But while Defendant contends that "Plaintiff cannot now disavow that his claims arise under FCRA" (Opp. at 10), this contention is contrary to caselaw: regardless of his previous correspondences, in the instant action, Plaintiff is the "'master' of [his] case," with the power to "ignore the federal question, assert only state claims, and defeat removal."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Moreover, the fact that Plaintiff chose to attach these letters as an exhibit to his complaint does not establish the presence of a federal question.  Although the letters are indisputably part of Plaintiff's pleading under Federal Rule of Civil Procedure 10(c), mere references to FCRA within these letters do not automatically give rise to a FCRA claim.  *Cf. Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("The direct and indirect references to Title VII in . . . state law causes of action do not make those claims into federal causes of action.").  In fact, Plaintiff's six letters reference various laws, request various forms of relief, and mention various possible enforcement mechanisms, often going far beyond the scope of the action at hand.  (*See, e.g.*, Compl. at 14, 16, 20, 22 (requesting repeatedly that Defendant delete Plaintiff's account from consumer reporting agencies, while the instant action seeks no such relief).)  Thus, the letters' incorporation into the complaint appears to provide background on the parties' correspondence and dispute thus far, rather than signify Plaintiff's choice to assert claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00397-JLS-SSC                           Date: April 24, 2026
Title:  Tigran Hambardzumyan v. Maximus Education LLC

pursuant to all laws mentioned in the letters.  Accordingly, Defendant has not met its burden to show that federal question jurisdiction exists.

**IV.    CONCLUSION**

     For the above reasons, Plaintiff's Motion is GRANTED.  This action is REMANDED to Los Angeles County Superior Court, Small Claims Division, Case No. 25VESC02534.

Initials of Deputy Clerk: kd